IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEROME L. GRIMES,

    Plaintiff,

  v.

OFFICER BARBER, et al.,

    Defendants.
                                /

No. C 09-00411 CW

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant Board of Trustees of California State University (Board of Trustees)[1] moves to dismiss Plaintiff's 42 U.S.C § 1983 civil rights complaint against it based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) by reason of Eleventh Amendment immunity and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the Board of Trustees is not a person within the meaning of 42 U.S.C. § 1983.[2] Plaintiff has filed an opposition in which he has failed to address Defendant's arguments. The Court takes the matter under submission. Having considered the papers submitted by both parties, the Court grants Defendant's motion to dismiss.

BACKGROUND

Plaintiff alleges in his complaint that he was injured by

---

[1] Defendant Board of Trustees indicates that it has been erroneously sued as San Francisco State University Police Department.

[2] Defendants Officers Barber, Smith and Tang do not join in this motion.

**United States District Court**
For the Northern District of California

Defendants Officers Barber, Smith and Tang in connection with a jay-walking incident on the San Francisco State University campus. Defendants Barber, Smith and Tang are peace officers employed by the San Francisco State University Police Department. The Board of Trustees is authorized by statute to administer the universities in the California State University system. See Cal. Educ. Code § 66600.

LEGAL STANDARD

I. Lack of Subject Matter Jurisdiction

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted. Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir.).

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

2

II. Failure to State a Claim

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Eleventh Amendment has been interpreted to shield states from suits by individuals absent the state's consent. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). Nevertheless,

1  Congress may abrogate the states' Eleventh Amendment immunity when
2  it both unequivocally intends to do so and "acts pursuant to a
3  valid grant of constitutional authority."  <u>Bd. of Trs. of the Univ.</u>
4  <u>of Ala. v. Garrett</u>, 531 U.S. 356, 363 (2001).  Congress did not
5  express an intent to abrogate state immunity in regard to 42 U.S.C.
6  § 1983.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66-67
7  (1989).

8  Defendant Board of Trustees is an arm of the State of
9  California that can properly claim sovereign immunity.  <u>Stanley v.</u>
10 <u>Trustees of Cal. State Univ.</u>, 433 F.3d 1129, 1133 (9th Cir. 2006)
11 (citing <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1350-51 (9th Cir.
12 1982)).  Thus, Plaintiff is barred from suing the Board of Trustees
13 in this case.

14 Furthermore, states, state agencies, and state officials
15 sued in their official capacity are not considered "persons" within
16 the meaning of § 1983.  <u>Will</u>, 491 U.S. at 71; <u>Cortez v. County of</u>
17 <u>Los Angeles</u>, 294 F.3d 1186, 1188 (9th Cir. 2002).  Thus, for this
18 reason also, the Board of Trustees may not be sued under 42 U.S.C.
19 § 1983.

20                              CONCLUSION

21 For the foregoing reasons, Defendant Board of Trustees' motion
22 to dismiss is granted.  The claims against Defendant Board of
23 Trustees are dismissed without leave to amend because amendment
24 could not correct the aforementioned deficiencies.

25 IT IS SO ORDERED.

27 Dated: 6/8/09

   _____
   CLAUDIA WILKEN
   United States District Judge

**United States District Court**
*For the Northern District of California*

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GRIMES et al,

        Plaintiff,

v.

BARBER et al,

        Defendant.

Case Number: CV09-00411 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 8, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerome L. Grimes
263 Vernon Street
San Francisco, CA 94132

Dated: June 8, 2009

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk