UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEROME GRIMES

    Plaintiff,

    v.

OFFICER BARBER, et al.,

    Defendants.

No. C 09-00411 CW (EDL)

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR RELIEF FROM SETTLEMENT**

Plaintiff Jerome Grimes, appearing pro se, filed this action against San Francisco State University and three individual police officers. District Court Judge Claudia Wilken referred the case to this Court for settlement, and the Court held a Settlement Conference on September 16, 2009. At the Settlement Conference, the parties confirmed on the record in open court that they had reached a nonconfidential settlement agreement which would later be reduced to writing. Based on this settlement agreement, Judge Wilken issued a Conditional Order of Dismissal on September 17, 2009.

On September 21, 2009, Mr. Grimes filed a "Notice of Motion For Relief From Settlement (CCP 473)." Judge Wilken referred the Motion to this Court for a Report and Recommendation. Defendants filed an Opposition to the Motion on October 6, 2009. Also on October 6, 2009 Plaintiff filed a document entitled "Motion For Relief From Settlement (F.R.C.P. Rule 60) & Rules 60(a), 60(b), & 60(b)(2)."

Upon consideration of the parties' written submissions, good cause appearing, and for the reasons set forth below, the Court submits this Report and Recommendation to the Honorable

Claudia Wilken recommending that Plaintiff's Motion For Relief From Settlement be denied and that the Conditional Order of Dismissal remain in place.

**BACKGROUND**

On January 28, 2009, Mr. Grimes filed a Complaint against San Francisco State University and three individual police officers alleging civil rights violations based on alleged excessive force that took place during a June 30, 2008 arrest. In his Complaint, Mr. Grimes demanded $225,000 in damages.

On September 16, 2009, based on a referral from the District Court, this Court held a settlement conference to try to resolve the claims raised in Mr. Grimes' Complaint. In accordance with the Court's July 14, 2009 Settlement Conference Order, Mr. Grimes appeared on behalf of himself and the defendants appeared along with representatives of their employer and their counsel. See 7/14/09 Settlement Conference Order (requiring that "[l]ead trial counsel shall appear at the Settlement Conference with the parties and with the person or persons having full authority to negotiate and to settle the case").

This Court conducted the Settlement Conference largely by speaking to each side separately and in private. The substance of these discussions has and shall remain confidential. Ultimately, the parties agreed on the record to settle the matter as follows:

> JUDGE: And my understanding that although the parties would like to reduce this to writing, we will try to do so hereafter. Whether that happens or not, the settlement as stated in the record is intended to be binding and effective as we [inaudible] today. And the settlement will be a payment in the amount of $500 from the Defendant San Francisco State to Mr. Grimes and each side will bear their own fees and costs. The San Francisco State University will cooperate with Mr. Grimes in attempting to remove the record of the arrest that pertains to violation of Penal Code 243B, which is battery on a police officer and remains from the incident on June 30, 2008. There was no admission by the university and the plaintiff will release all his claims against the University and the individual defendants including any known or unknown claims up until today and done as a waiver under California Civil Code 1542. . . . Alright.

| | |
|---|---|
| 1 | And so now let me ask the plaintiff, Mr. Grimes, representing yourself, do you |
| 2 | understand the terms of the settlement I just stated? |
| 3 | PLAINTIFF: Yes, I do Your Honor. |
| 4 | JUDGE: And do you agree with that? |
| 5 | PLAINTIFF: Yes, I do Your Honor. |

See Declaration of Amy W. Lo In Support of Opposition To Plaintiff's Motion For Relief From Settlement ("Lo Decl."), Exh. A; see also Plaintiff's 10/6/09 "Motion For Relief From Settlement" (hereinafter "Reply") ¶ 3 ("On September 16th, 2009 at 09:30 A.M., the herein parties agreed to a settlement/judgment").

Following the settlement reached at the Settlement Conference, on September 17, 2009 Judge Wilken issued a Conditional Order of Dismissal. This Order dismissed the case with prejudice but provided that the dismissal would be vacated if any party certified to the Court within 90 days that the agreed-upon consideration for settlement had not been delivered.

On September 21, 2009, Mr. Grimes filed a "Notice of Motion For Relief From Settlement" (the "Motion") arguing that the settlement agreement was entered into through "excusable mistake, or neglect as to essential facts, or 'surprise and intimidation,' results from a change in the underlying conditions that could not have been anticipated." See generally Motion.[1] Mr. Grimes argues that he was intimidated by the appearance of the three defendants (apparently in light of an unrelated event concerning Mr. Grimes' mother, who is not involved in this lawsuit), particularly one wearing a cast on his arm. Id. Mr. Grimes contends that this led to the settlement being "grossly disproportionate to any reasonable estimates of . . . Plaintiff's damages. . . ." Defendants filed an Opposition to the Motion on October 6, 2009, arguing that Mr. Grimes had presented no basis for relief from the

---

[1] Mr. Grimes' Motion was initially styled as a motion seeking relief under California Code of Civil Procedure section 473. However, state procedural rules do not apply in this Court. See Fed. R. Civ. P. 1. Mr. Grimes' Reply brief remedied this defect by relying instead on Federal Rule of Civil Procedure 60, and the Court will consider the Motion as having been properly brought under Rule 60. See Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir.1985) ("We have an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."); see also United States v.1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir.1984) (noting that the court will construe the motion, however styled, to be the type proper for relief requested).

settlement agreement under Rule 60 or otherwise.  Also on October 6, 2009, Plaintiff filed a document entitled "Motion For Relief From Settlement (F.R.C.P. Rule 60) & Rules 60(a), 60(b), & 60(b)(2)" (hereinafter "Reply").  Because Plaintiff's second brief appears to address some of the arguments made in Defendants' Opposition, the Court construes it as a Reply brief and considers it accordingly.  Mr. Grimes' Reply asks the Court to correct and reform the settlement agreement and judgment to reflect the true intent of the parties, and to allow the matter to be "settled, renegotiated, reset for settlement or reset for trial."  Reply p. 7.

**DISCUSSION**

Rule 60 allows for relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Mr. Grimes has not shown that he is entitled to relief on any of these bases.

Mr. Grimes argues that he was "Surprised, and, Intimidated, resulting in, Excusable Neglect, from a change in the underlying conditions that could not have been anticipated," apparently by the appearance of one of the defendants wearing a cast on his arm that Mr. Grimes believed could somehow have been attributed to the underlying criminal charges against him that led to this action.  Reply ¶ 4; see also Motion p. 2.  Mr. Grimes apparently contends that the presence of this individual intimidated him into offering a settlement.  Reply ¶ 5.  However, this does not constitute the type of "surprise" or "excusable neglect" that would warrant setting aside an otherwise valid settlement agreement and judgment under Rule 60.  Mr. Grimes was provided with advance knowledge of the date and time of the Settlement Conference as well as the fact that the defendants and their representatives would be present.  See 7/14/09 Settlement Conference Order.  Furthermore, Mr. Grimes' subjective belief that some connection could potentially be drawn between the underlying criminal charges against him and a cast on one of the defendant's arms is not based on any reasonable perception or inference, especially in light of the fact that the underlying incident took

1  place more a year before the Settlement Conference. Mr. Grimes therefore cannot reasonably claim
2  that the presence of any individual defendant at the Settlement Conference unduly impacted his
3  decision to settle or the terms of the settlement agreement.

4  Mr. Grimes further contends that the settlement should be set aside because it was "grossly
5  disproportionate to any reasonable estimates of [his] damages." Motion p. 2. He argues that "it was
6  the intention of all interested parties that the defendants, would exchange monetary units to cover,
7  'Some', of the damages/monetary damages" he has incurred during this litigation (Reply ¶ 7), that
8  the settlement amount does not cover a fraction of his costs, and that it would be unjust for the Court
9  to allow the settlement to stand (id. ¶ 8). He further argues that after the Settlement Conference he
10 had time to analyze why he only claimed certain damages, and not others. Id. ¶¶ 10-11. However,
11 the law is clear that a settlement agreement announced on the record is binding even if a party has a
12 change of heart after agreeing to its terms but before the terms are reduced to writing. See Doi v.
13 Halehulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002) (finding that plaintiff's verbal assent to the
14 material terms of the settlement agreement in open court was binding). Here, Mr. Grimes
15 specifically stated on the record that he understood and agreed to the terms of the settlement
16 agreement reached during the Settlement Conference, including release of his claims in exchange for
17 "a payment in the amount of $500 . . . and each side will bear their own fees and costs." See Lo
18 Decl. Exh A. He can not now undo the settlement agreement by claiming that he changed his mind
19 as to the adequacy of the settlement after the Settlement Conference, which is not a basis for the
20 Court to grant relief under Rule 60.

21 Mr. Grimes' Reply brief also raises at least one argument that was not contained in his initial
22 Motion. He generally alleges "some type of fraud" relating to his arrest, but does not explain what
23 the fraud was or why it would justify relief from judgment. See Reply ¶ 9. A party may not raise
24 new matter in a Reply brief. See Coos County v. Kempthorne, 531 F.3d 792, 812 n. 16 (9th Cir.
25 2008) (declining to consider an argument raised for the first time in a reply brief). In any event, this
26 conclusory allegation is insufficient for relief under Rule 60.

27 Because Mr. Grimes has presented no basis for the Court to afford him relief from judgment
28 under Federal Rule of Civil Procedure 60, or to set aside the settlement agreement, this Court
recommends that the Motion be DENIED.

5

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: October 19, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

6