IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEROME GRIMES,

    Plaintiff,

  v.

OFFICER BARBER, et al.,

    Defendants.
                                     /

No. C 09-0411 CW

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND DENYING OBJECTION

    Pro se Plaintiff Jerome Grimes has filed a document entitled, "Reply re: Report and Recommendation," which the Court construes as an objection to Magistrate Judge Laporte's November 11, 2009 Report and Recommendations regarding Plaintiff's motions for relief from settlement. Having read the November 11, 2009 Report and Recommendation and the papers filed by Plaintiff, the Court finds the Report and Recommendation correct and well-reasoned and adopts it in full and denies Plaintiff's objection.

    On January 28, 2009, Plaintiff filed this action against San Francisco State University and three individual police officers. The Court referred the case to Magistrate Judge Laporte for settlement. At the conference before the magistrate judge, the parties confirmed, on the record in open court, that they had reached a nonconfidential settlement agreement which would be later reduced to writing. Based on the settlement agreement, on

September 17, 2009, the Court issued a conditional order of dismissal, which stated that if, within ninety days from the date of the order, either party certified to the Court that the agreed consideration was not paid, the dismissal order would be vacated. Docket # 49. On September 21, and October 6, 2009, Plaintiff filed motions for relief from settlement. The motions were referred to Magistrate Judge Laporte. On October 19, 2009, Magistrate Judge Laporte issued her Report and Recommendation in which she held that Plaintiff had failed to establish any grounds to set aside the settlement agreement or for relief from a final judgment or order under Rule 60 of the Federal Rules of Civil Procedure. Plaintiff's objection followed.

Civil Local Rule 72-3(a) applies to Magistrate Judges' orders which are dispositive of a claim. It provides that any objection to a Magistrate Judge's Order must be accompanied by a motion for <u>de novo</u> determination, specifically identify the portions of the Magistrate Judge's findings, recommendations or report to which objection is made and the reasons and authority therefor. Civil L.R. 72-3(a).

In his objection, Plaintiff presents the same arguments he presented in his two motions for relief from settlement -- that Defendants committed fraud when they wrongfully arrested him, that he was unfairly surprised by a man with a semi-cast arm sling who was involved in the settlement,[1] and that the settlement agreement is too small compared to the damages he sought in his complaint.

---

[1] Plaintiff also argues in his objection, that he was unfairly surprised to find that it was so easy to obtain a settlement agreement in this case. However, this is insufficient grounds for relief from settlement.

For the same reasons Magistrate Judge LaPorte provided in her Report and Recommendations, Plaintiff's arguments are insufficient to set aside the settlement agreement or to obtain relief from judgment.

CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motions for relief from settlement. (Docket ## 50 and 55). Plaintiff's objection to the Magistrate Judge's Report and Recommendations also is denied. (Docket # 59).

IT IS SO ORDERED.

Dated: December 23, 2009

CLAUDIA WILKEN
United States District Judge